Mr. Alan Levine Secretary Florida Agency for Health Care Administration 2727 Mahan Drive — Mail Stop #1 Tallahassee, Florida 32308
Dear Secretary Levine:
You have asked for my opinion on substantially the following questions:
1. Are the specialization requirements for speech-language impaired certification set forth in Rule 6A-4.0176, Florida Administrative Code equivalent to the requirements of 42 C.F.R. 440.110(c)(2) and section468.1185, Florida Statutes?
2. Do speech therapy providers certified in accordance with rule 6A-4.0176, Florida Administrative Code, who render services solely in school settings, violate the comparability requirements of 42 C.F.R. 440.240?
Question One
Section 409.908(21), Florida Statutes, provides that "[s]peech therapy providers who are certified through the Department of Education pursuant to rule 6A-4.0176, Florida Administrative Code, are eligible for [Medicaid] reimbursement for services that are provided on school premises." Pursuant to the authority of your department to reimburse Medicaid providers, set forth in section 409.908, Florida Statutes,[1]
you have asked whether the state specialization requirements for speech therapy providers are equivalent to those prescribed by the federal government. The U.S. Department of Health and Human Services (HHS) has advised you that it perceives differences between the state and federal qualifications for speech therapy providers.
42 C.F.R. section 440.110 provides general definitions for medical assistance programs. Section 440.110(c)(1) defines services for individuals with speech, hearing, and language disorders to be:
"[D]iagnostic, screening, preventive, or corrective services provided by or under the direction of a speech pathologist or audiologist, for which a patient is referred by a physician or other licensed practitioner of the healing arts within the scope of his or her practice under State law. It includes any necessary supplies and equipment."
A "speech pathologist" is defined in 42 C.F.R. section 440.110(c)(2) as an individual who meets one of the following sets of requirements:
"(i) Has a certificate of clinical competence from the American Speech and Hearing Association. (Standards for awarding certificates of clinical competence from ASHA require a master's or doctoral degree, 75 semester credit hours of academic course work; 375 clock hours of supervised clinical observation and supervised clinical practicum; passage of the National Examination in speech-language pathology and a clinical fellowship).[2]
(ii) Has completed the equivalent educational requirements and work experience necessary for the certificate.
(iii) Has completed the academic program and is acquiring supervised work experience to qualify for the certificate."
Thus, the federal provisions in 42 C.F.R. section 440.110(c)(2) use requirements for a certificate from the American Speech and Hearing Association as a benchmark. You have asked whether these qualifications for speech pathologists are equivalent to those set forth in Rule6A-4.0176, Florida Administrative Code, and section 468.1185, Florida Statutes.
Section 468.1185(2), Florida Statutes, provides that the board shall certify for licensure any applicant who has:
"(a) Satisfied the education and supervised clinical clock hour requirements of s. 468.1155.
(b) Satisfied the professional experience requirement of s. 468.1165 (a nine month period of professional employment or equivalent prior to licensure as a speech pathologist).
(c) Passed the licensure examination required by s. 468.1175."
Rule 6A-4.0176, Florida Administrative Code, provides the specialization requirements for certification in the area of speech-language impaired (grades K-12) — academic class. The rule requires the completion of a number of educational courses to satisfy the requirements for professional preparation set forth elsewhere in the code. The rule also requires completion of specialization requirements pursuant to one of the following plans:
"(a) Plan One. A master's or higher degree with a graduate major in speech-language pathology,
(b) Plan Two. A valid license in speech-language pathology issued pursuant to Chapter 468, Part I, F.S. Appropriate documentation to the Department shall be a letter of verification of licensure from the issuing agency,
(c) Plan Three. A valid certificate of clinical competence issued by the American Speech-Language Hearing Association. Appropriate documentation to the Department shall be a letter of verification from the issuing agency, or
(d) Plan Four. A master's or higher degree with a minimum of sixty (60) semester hours of college credit in speech-language pathology, and three hundred (300) clock hours of supervised clinical practice to include one hundred fifty (150) clock hours at the graduate level. The supervised clinical practice shall include each of the following areas: evaluation of speech and language problems; management of language disorders in children; management of disorders of articulation, fluency, and voice; and assessment and management of auditory disorders. Appropriate documentation to the Department shall be a letter of verification from a designated official of the training institution. Thirty (30) semester hours of the minimum required college credit in speech-language pathology shall be graduate credit and shall include the following:
1. Three (3) semester hours of graduate credit in each of the following:
a. Evaluation of speech, language, and hearing disorders;
b. Management of articulation disorders;
c. Management of fluency disorders;
d. Management of voice disorders; and
e. Management of auditory disorders; and
2. Six (6) semester hours of graduate credit in management of language disorders of children."[3]
A review and comparison of the state requirements expressed in sections468.1165 and 468.1185, Florida Statutes, and related administrative rules promulgated by the Department of Education with the federal provisions set forth in 42 CFR section 440.110(c)(2) reveals several points on which the state and federal requirements may be comparable.
Plan One under the Department of Education's administrative rule requires only a master's or higher degree. This would clearly not satisfy the definition of "speech pathologist" set forth in42 C.F.R. section 440.110(c)(2), as the federal standard mandates completion of not only educational requirements but work experience. However, when read together with section 468.1165, Florida Statutes, which requires completion of nine months of professional employment, Plan One may meet the requirements of 42 C.F.R. section 440.110(c)(2) if the work experience obtained satisfies the federal model.
Plan Two recognizes a valid license in speech-language pathology issued pursuant to Chapter 468, Part I, Florida Statutes. Section 468.1185, Florida Statutes, provides that the Department of Health shall certify for licensure an applicant who has satisfied the education and supervised clinical clock hour requirements of section 468.1155;[4] has satisfied the professional experience requirement of section 468.1165;[5] and has passed the licensure examination required by section 468.1175. To the extent that the educational and work requirements of Plan Two meet the requirements of either the ASHA standards or the alternative provisions of 42 C.F.R. section 440.110(c)(2), Plan Two would be comparable to the federal standards.
To qualify under Plan Three, an applicant must possess a valid certificate of clinical competence issued by ASHA. This plan would clearly meet the requirements of 42 C.F.R. section 440.110(c)(2).
The requirements of Plan Four do not appear to meet those established under 42 C.F.R. section 440.110(c)(2). The state plan recognizes 60 semester hours of college credit in speech-language pathology, whereas the federal provisions require 75 hours in particular areas. The state plan involves 300 hours of supervised clinical practice while the federal requirements recognize 375 hours of clinical observation and practicum. Thus, it does not appear that the provisions of Plan Four are equivalent to those of the federal requirements.
Question Two
This office is not authorized to determine violations of federal regulations. No opinion is expressed regarding whether Florida speech therapy providers who render services in school settings violate42 C.F.R. section 440.240.
Such a determination must be made by the federal agency administering the particular rules.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 409.908, Florida Statutes provides:
"Subject to specific appropriations, the [Agency for Health Care Administration] shall reimburse Medicaid providers, in accordance with state and federal law, according to methodologies set forth in the rules of the agency and in policy manuals and handbooks incorporated by reference therein. These methodologies may include fee schedules, reimbursement methods based on cost reporting, negotiated fees, competitive bidding pursuant to s. 287.057, and other mechanisms the agency considers efficient and effective for purchasing services or goods on behalf of recipients."
[2] See Membership and Certification Handbook of the American-Speech-Language-Hearing Association, III. Standards and Implementation Procedures for the Certificate of Clinical Competence for Speech-Language Pathology, effective January 1, 1993.
[3] Rule 6A-4.0176(2), F.A.C.
[4] Section 468.1155(2), Florida Statutes, requires receipt of a master's degree or enrollment in a doctoral degree program for speech-language pathology and 300 supervised clinical clock hours.
[5] Section 468.1165, Fla. Stat., requires 9 months full-time professional employment pertinent to the license being sought.